Battle, J.
 

 The objections to the plaintiff’s recovery, taken by the defendant in the Court below, will be considered by us in the order in which they are stated.
 

 The first is, that the court could not allow the
 
 sci/re facias
 
 to be amended. That the Court had such power, is too well settled by repeated adjudications of this Court, to be now questioned.
 

 The second is, that in its amended form, the
 
 scire facias
 
 was defective, because it did not set forth the declaration in the original action, and did not sufficiently show how the
 
 *82
 
 sheriff, became liable as bail for the defendant in that action. The first part of this objection is not well founded. It is not necessary to set out in the
 
 scire facias
 
 the declaration in the action, in which it is alleged that the defendant became bail. The only thing required in that particular is to state the
 
 cause of action,
 
 and that is done in the amended process in this case, where it is said that the judgment was obtained in “ an action of trespass on the case.” It may be that this part of the objection is supposed to be supported by the case of
 
 Smith
 
 v.
 
 Shaw,
 
 8 Ire. Rep. 233. If so, it is a mistake. In that case the declaration, spoken of, is the declaration which has to be filed upon the
 
 scire facias,
 
 when the pleadings are drawn out in full, and not the declaration in the original action.
 

 The second part of this second objection is well founded. The
 
 scire facias
 
 ought to show how the defendant became bail, that is, by stating that the writ, in the original cause of action, came to his hand as sheriff, that he arrested the defendant therein, and failed to take bail, whereby, and by force of the statute in such case made and provided, he became special bail, &c. The original and the amended
 
 scire facias
 
 are both defective in this particular, and being a defect for the want of a substantial averment, it is fatal,
 
 Smith
 
 v.
 
 Shaw,
 
 cited above. See, also, the case of
 
 Neal
 
 v.
 
 Hussey,
 
 decided at the present term ante 10, where the
 
 scwefacias
 
 is unobjectionable.
 

 The third and fourth objections apply to defects in the pleadings and the entry of the judgment in the original action, which, from the indulgence shown by counsel to each other, we suppose would not now be insisted on, even if it were necessary. But our opinion upon the latter part of the second objection, makes it useless for us to consider them any further.
 

 The result is, that there being no cause shown for a
 
 venire de novo,
 
 the defendant is not entitled to one. But for the fatal defect in the
 
 scire facias,
 
 apparent upon the record, we must do as we did in
 
 Smith
 
 v.
 
 Shaw,
 
 reverse the judgment of the Court below, and arrest the judgment in this Court.
 

 Per Curiam.
 

 Judgment reversed.